IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROGER BENSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 12-CV-00048-WDS |
| UNILEVER UNITED STATES, INC., *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**STIEHL, District Judge:**

This case is before the Court *sua sponte* on the issue of federal subject-matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."). Plaintiff Roger Benson brought this product-liability action against defendants Unilever Illinois Manufacturing, LLC, Unilever United States, Inc., and Wal-Mart Stores, Inc. in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants Unilever Illinois and Wal-Mart removed it here based on diversity jurisdiction. *See* 28 U.S.C. §§ 1441, 1332 (Doc. 2). Plaintiff has pending a motion to remand (Doc. 4), and defendants have responded to it, but the parties do not address the amount in controversy. Nonetheless, "[c]ourts in the federal system are obliged to police the statutory and constitutional limitations on their subject matter jurisdiction." *Krueger v. Cartwright*, 996 F.2d 928, 930–31 (7th Cir. 1993).

The exercise of federal subject-matter jurisdiction in diversity requires generally that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Unilever Illinois and Wal-Mart, as the removing

parties, bear the burden of proof as to the existence of federal jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The alleged facts are as follows: Plaintiff injured his head, jaw, mouth, and teeth when he bit into a peanut-butter sandwich. A "hard nut shell-like foreign object" had found its way into his jar of peanut butter. This object split one of plaintiff's teeth and damaged nerves, bones, joints, ligaments, and tendons in his jaw, mouth, and teeth. It also bruised plaintiff's mouth and jaw, and caused him physical and mental pain and suffering. He has experienced headaches and paresthesia,[1] and claims disfigurement from the loss of his tooth. He filed this product-liability action against defendants Unilever Illinois Manufacturing, LLC, Unilever United States, Inc., and Wal-Mart Stores, Inc. in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (*Benson v. Unilever United States, et al.*, Case No. 11-L-679). Altogether, plaintiff's medical and dental expenses were over $10,000 and he is seeking total damages in excess of $200,000.

The amount in controversy disclosed by the plaintiff's complaint is controlling unless recovering that amount would be legally impossible. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)); *Meridian*, 441 F.3d at 541; *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 514–15 (7th Cir. 2006). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his

---

[1] *Paresthesia* is "[a] skin sensation, such as burning, prickling, itching, or tingling, with no apparent physical cause." THE AMERICAN HERITAGE MEDICAL DICTIONARY (Houghton Mifflin Company 2007), http://medical-dictionary.thefreedictionary.com/paresthesia (last visited on May 10, 2012).

claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury*, 303 U.S. at 289. When the plaintiff provides little information about the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

Here, although the amount stated in the complaint generally controls, and plaintiff claims over $200,000 in damages, the Court does not find that plaintiff has given sufficient information about the value of his claims. Plaintiff alleges he split a tooth and suffered damage to his nerves and bones. Yet, for all the alleged damages, he only claims to have had about $10,000 in medical and dental expenses. He did not suffer functional impairments or become disabled. Nor does he allege any future medical expenses or lost wages. Plaintiff alleges "disfigurement"—from the loss of a tooth. Total damages of over $200,000 are not plausible on these facts. The Seventh Circuit has found the jurisdictional amount satisfied when medical expenses and other losses amounted to $45,000, with a "modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred)." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *see also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514–15 (7th Cir. 2006) (amount in controversy satisfied where complaint sought damages "in excess of $50,000" and alleges "severe and permanent" injuries to the head, ribs, and back; pain and suffering; past and future lost wages; past and future medical expenses; and disabilities). Here, the medical expenses are not nearly that high.

The Court therefore **DIRECTS** defendants to file a jurisdictional brief. They shall address only the amount in controversy and how plaintiff's injuries and damages claims meet the minimum amount in controversy of $75,000. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1321 (11th Cir. 2001) (remanding for factual findings where the defendant's notice of removal asserted the jurisdictional amount and the plaintiff did not challenge that assertion in the district court). Defendants' proof is, of course, limited to the amount in controversy when the federal suit

began, which here is the date of removal, *Meridian*, 441 F.3d at 538, although the evidence need not have been in the record on that date, *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997) ("The test should simply be whether the evidence sheds light on the situation which existed when the case was removed."). Defendants' brief shall be filed **by June 15, 2012**. Should defendants fail to timely file their brief or seek an extension of time, the Court will then instruct the Clerk to remand this case for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: June 1, 2012**

 **/s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**